The case today is In Re Akebia Therapeutics Incorporated, appeal number 191929. Attorney Fitzgerald, you may begin. Thank you. Good morning, your honors. Michael Fitzgerald on behalf of the petitioner, Akebia Therapeutics. There is no dispute that Akebia was a victim within the meaning of the MBRA, and there Akebia did not want, or volunteer, or unilaterally decide to incur these costs. The government came to Akebia and asked for its participation in investigating and prosecuting this case. I find that an unusual situation. Your honor, I wouldn't call this a situation. The government is asking private attorneys that are parties to a case to prepare their witness. I have to say that's a new thing for me. Maybe it's all right, but I do find it unusual. Your honor, I would disagree that it's unusual. I'd say it's actually quite routine where the victim is a corporate victim, that it would require the assistance of attorneys or other professionals in responding to government requests like document requests, like requests for witness testimony. You see this quite often in cases involving these types of frauds against corporate clients. The fees incurred and sought under subsection B4 of the MBRA are professional fees, are attorney's fees, because that's necessarily how corporations operate. They have to act through representatives. The district court's opinion even recognized this in awarding transportation costs for the corporation traveling to the criminal proceedings. The district court determined that some of the fees were not reasonable or necessary, and it's an abuse of discretion standard. Do you agree with that? I would agree with that, your honor. I would say a couple things on the point of the district court making determinations of excessiveness or unreasonableness. Those inquiries are necessarily relative questions. Whether an expense is excessive or unreasonable really depends on what baseline you're looking at, and we think that the district court didn't use the proper baseline here. It's certainly true that expenses have to be necessary under B4. That's straight from the statutory text, but the district court thought that Lagos announced a necessary standard for gauging whether expenses are compensable under B4, and that's not what Lagos did. I think the district court took Lagos' discussion of necessary and applied it in a very hyper-restrictive literal way to be asking almost whether expenses incurred were literally essential, and that's not how the Supreme Court typically interprets terms like necessary as used in this context. You're asking whether expenses are reasonably necessary, helpful, or conducive to the end precisely how Justice Souter's three-pronged approach in Janosko operates. Black's Law Dictionary talks about necessary being sometimes it can mean literally essential. In other contexts, it means merely that which is helpful and necessary, and so I would look to the Supreme Court's decisions in cases like Commissioner v. Tellier where they're construing the term necessary. If we agreed with you that Lagos did not change Janosko's construction of the word necessary, and we agreed with you that the district court thought otherwise, then I suppose that would be an abuse of discretion because there'd be a legal error in the standard. That would be asking us to vacate and remand in consequence of that or to determine that this satisfies the Janosko standard. Judge Barron, we think that based on the record, you could decide and issue a writ directing the district court to award these full expenses because they do fit under the Janosko test. I don't think you need to do that fact finding. I think it's certainly appropriate, but a vacate and remand for reconsideration under the proper standard would make sense as well. We do think it was clear legal error in the way the district court misconsidered. Given your account of how the court interpreted this necessary based on what you say was an erroneous construction of Lagos's effect on Janosko, you say that there's no way we could conclude it's harmless on the ground that in any event, it wouldn't be necessary even under the Janosko standard. That's right. The outcomes are different. The district court's outcome here is necessarily hinged on the misinterpretation of Lagos. I look to certain expenses were excluded as a matter of category and a matter of type based on this misinterpretation. It wasn't just a matter of degree. The district court was making wholesale exclusions based on this hyper-restrictive view of necessary. I think about appendix pages 99 and 100, that's the district court's opinion. It's allowing expenses for the cost of physically compiling documents in response to a document request, but not for the attorney's fees in reviewing those documents and redacting them. Things you necessarily, a corporation necessarily incurs in responding to a document request. I think that's a good example of where the outcome really is different. If the district court had applied the reasonable approach under Janosko, the district court would have had to award these expenses. This is the mandatory Victims Restitution Act. The restitution order would have been required to include these expenses. Where I think the district court went astray in interpreting necessary or viewing Lagos as announcing a different necessary standard happened in a couple of different ways. Five minutes remaining. Thanks, Dan. The district court was focusing on Lagos' line drawing concern. In Lagos, the Supreme Court was only mentioning necessary in the context of a practical concern that arises with private investigation expenses that doesn't arise with government investigation expenses. The court said that when you're deciding whether or not expense is necessary to a private investigation, the inquiry becomes troublesome because when you're asking whether an expense is necessary, you're asking necessary to what end? You have to know what the end objective is. When it comes to private investigations, the end objective could really be anything. A company could unilaterally move the goalposts in that way. When it comes to government investigations, which is what we have here, expenses incurred in response to a government request, that practical concern doesn't really arise. You can largely address that line drawing problem by asking whether the victim incurred its expenses in performing a task that the government requested or required. You have that constant baseline here. It's in the context of government investigation expenses. Lagos' discussion, that limited discussion of the word necessary in context of a line drawing problem, really doesn't warrant applying a hyper-restrictive view of necessary in this case. Do you have a Janosko case that is analogous to this one? In other words, a case applying Janosko on facts like this to expenses like this that suggests under Janosko it would be covered? I would look to Judge Young's opinion, district court opinion, in United States v. Edwards. I think that's a good example of a district court within this circuit applying Janosko in a way that would award restitution under these facts. Things like negotiations with the government. There's no post-Janosko precedent of our circuit that gives guidance as to whether these types of things fit within Janosko? No. So post-Lagos, there have only been four ... post-Janosko, there are ... and post-Lagos, there's ... Any case applying Janosko in our circuit that is analogous to these facts that suggests under Janosko you'd win? I would look directly at the United States v. Edwards case that has facts similar to this. It announces Janosko as the test for gauging ... That's a district court case? Sorry, that is a district court case, yes. Yeah, I was asking, is there any circuit court precedent? No, this circuit, as far as I could tell, has only construed before in Janosko, pre- or post-Lagos. Any out-of-circuit? Any out-of-circuit? Sure. So I would look to the second circuit decisions. Most of them are remands post-Lagos, but when they remand down to, say, SDNY, for instance, a free case, what happens is the district court then carves out the private investigation expenses that we know post-Lagos aren't compensable, but it's still awarding things like attorney's fees for responding to government requests, document requests, witness prep, attending restitution proceedings. The way that the second circuit on remand is applying this before post-Lagos is exactly how we think it should operate here. But to answer your question, there have been 19 circuit cases post-Lagos. Most of them are remands. None are addressing this precise situation, and so we think they wouldn't shed light on whether or not Janosko survives post-Lagos, but we think that Lagos certainly doesn't abrogate it because they're addressing two fundamental issues. I think we're asking a different question, not does Lagos abrogate Janosko. Even if we agree with you on that, I'm trying to figure out whether the types of expenses you're talking about here, pre-Lagos, put Lagos aside, pre or post, for courts that share Janosko's view of what necessary means, are the types of expenses that you're asking to be covered for restitution, the types of expenses that under circuit precedent necessary has been construed to apply to? Do you have any precedent that would help us in that regard, either in our circuit or elsewhere? So there's not circuit precedent elsewhere post-Lagos that's really construing these types of expenses under the term necessary, other than the Fifth Circuit's recent opinion by Judge Oldham that came out in April. Now we disagree with the merits of the Fifth Circuit's decision there, but I also just don't think it's our case. I think in that case, the circuit court was construing the term necessary, but it was in the context of really the question Lagos left open, which is essentially when the government asked a corporation to conduct a whole private investigation, and Lagos left that question open. When there's a private investigation expense incurred at the government's request, what do you do there? We're in the separate bucket of, these are expenses incurred in response to just the government's investigation. We're not conducting our own private investigation. We're participating in the government's investigation and prosecution of the offense. That's a bucket that Lagos expressly said is covered. And so to answer your question directly, the Fifth Circuit's recent opinion really is the one that drills down on necessary and whether these types of expenses are covered, but it's in the separate bucket of private investigation expenses conducted or private investigations conducted at the government's request for direction. We're in the heartland of the Lagos government investigation expenses bucket. Judge Chouet, I just had one last question on this. All you want. It really goes back to the question or observation Judge Chouet made at the beginning about the doing so much work. And I guess the practice... I can't hear you, David. I'm sorry. I guess the practice, it just goes to the observation you made at the beginning about whether it's unusual for private attorneys to really be conducting the government's investigation for it. And I guess the practical concern is it's, even if we call this the government investigation bucket, if the corporation then has an enormous amount of discretion to figure out how it does it, obviously there's a risk it can run up the expenses quite dramatically. And to some extent, the district court could be read to be a little bit concerned about that exact problem and be construing necessary to mitigate that problem. So what's wrong with thinking about it that way? I mean, I know you say there's a difference between a private investigation and a government investigation, but if it's a government investigation in which the corporation is going to have it becomes somewhat close to its own investigation and raises the exact same concerns. I would say a few points on that, Judge Barron. First is that concern is largely addressed by Genosco. Genosco will supply those guardrails so you don't have a situation in which a corporation in response to a government request goes up and runs up the tab for no reason, completely untethered to the request. Genosco has a nexus requirement and it's going to supply an appropriate and reasonable standard for making sure you're not incurring these extreme requests. So I don't think the district court's concern about that is there wouldn't be a freefall. You'd have Genosco to supply those guardrails. I also note that just as a practical matter, it's not going to be often the case that a the restitution orders aren't often, as the Supreme Court recognized in Lagos, even recovered. I'd say 90% of the time. So they're going to be left holding the back of this. As a practical matter, I wouldn't think that running up the tab is really a concern. And the last point I'd just make is that I do think on this very point, the district court was concerned more about a potential criminal defendant's, individual defendant's ability to pay. But we know from the statute itself that district courts in awarding restitution orders are not to take into account a defendant's economic circumstances. The goal here is to restore the victim, corporate or individual victim. It's not to be thinking about whether or not the defendant can pay. So unless there are further questions, your honors, we'd ask that the court issue a writ directing the district court to award a full restitution. Your Honor, I think my brother misspoke at the outset of his argument when he said that Akibia didn't choose to incur these costs. They did. They did choose to incur these costs. They have a relationship with Ropes. That's a fabulous law firm. They're entitled to pay top dollar if they choose to. That doesn't mean that all of that excess gets passed through to defendants under the MWVA. It defies logic to think that that is what the Congress intended was to pass on $800 an hour attorney's fees and summer associate fees for watching trials and some of the other antics that my brother referred to as hyper restrictive. I think the judge was very measured in the language of her opinion. The word gluttonous comes to mind when looking at some of the excesses that were taken here. We don't think the judge went far enough and we're content to rely on our argument in our briefs. I think to call Judge Talwani hyper restrictive ignores exactly what Ropes attempted to do here. Look, I'm not going to pick on Ropes. Lagos came down one month before jury selection here, so Ropes was already filling up its car with high test and that's fine. Once Lagos comes down, I think you run the risk. They ran the risk of a mistrial here because the judge was concerned that there was a violation of the sequestration order because associates were interviewing witnesses. She had the government explain whether or not the witnesses were actually being prepped by the government in a serendipitous way and we don't think that happened. It caused issues here for the court and for the parties for a law firm to engage in the manner of services that they did. I think, like I said, Akibe is entitled to pay the freight, but that doesn't mean that all of these costs get passed on to a defendant under the Victim Compensation Act and I'll rest on that unless there's questions. I'm sorry, you've argued that the findings that she made were nonetheless still excessive. How are you asking us to draw the line in your favor? Well, quite frankly, we made the argument that there shouldn't have been restitution at all because Mr. Chan, in particular, did not profit from the Merrimack sales. Remember, that was part of our sentencing argument under the loss calculation as well, is that when these shares were ultimately sold, they were sold at a loss and he reported them as a loss on his tax returns and there was never any indication that that was erroneous. It's Judge Talwani sort of split the loaf in half and decided that Mr. Chan should be punished for at least a portion of the profits that he realized for a short period of time after the May 1st announcement, but not all of them. So, you know, I think what she did was very measured, but we still say that you can't order restitution for something that did not result in a profit. Anything else? I just wanted to hear from the government on their view about this Lagos issue and its effect on the Act, if they had anything to add. Thank you, Your Honor. We did not, we took the position of defending the Vista Court restitution order, so we did not take any position on whether the Vista Court should have gone further here in our view. Yeah, my question was whether the government has a position on whether Lagos affects the proper construction of the word necessary. Well, as Your Honor knows, Lagos is mostly concerned with whether the Mandatory Victim Rights Act provided compensation for private investigations, not government investigations of criminal proceedings. So that's not an issue here. But the whole argument is that the district court erred by thinking otherwise, but you say you're defending the district court's position. Yes. How? How are we defending, well, this will come up in subsequent prosecutions that you're going to be involved in, and you're the attorney for the government obligated to seek mandatory restitution, so we need to know where you stand. I understand that, Your Honor. So I think as we argued in the district court that necessary certainly modifies other expenses, and that's a term that the court needs to be cognizant of, and I think I can say it's not clear to the government, you know, Ginesco dealt with a statute that, a computer statute that had a specific definition of loss that included reimbursing for certain expenses, what there were credit reports that the county had incurred in that case, that the victim had incurred in that case, and I'm not sure that that, it's quite analogous to what the court heard here, in that it dealt with a very, an underlying predicate criminal statute that had a different, kind of an expansive and unique definition of loss there, so in some ways it was a reimbursable loss, but I think what, you know, the government would prefer to be in a position where, you know, we would fully participate in the briefing on this, which obviously we haven't done, because we're not appealing the district court's decision. Thank you. Thank you, Your Honor. Thank you.